# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Noami A. Chaudhary, an individual,

    Plaintiff,

v.

JOHN DOES I & II, individuals whose true names are unknown.

    Defendant.

---

## VERIFIED COMPLAINT

---

Plaintiff Noami A. Chaudhary, M.D, by and through undersigned counsel, hereby brings this Complaint and Demand for a Jury Trial against Defendant John Doe and alleges as follows:

## NATURE OF ACTION

1. This is a defamation action involving private individuals and matters of private concern.

## PARTIES AND JURISDICTION

2. Plaintiff Noami A. Chaudhary, M.D. ("Dr. Chaudhary") is an individual and licensed physician specializing in adult internal medicine.

3. Defendant John Doe I is an individual who published false, defamatory, and injurious statements about Dr. Chaudhary through the Colorado-based website Healthgrades.com.

4. Defendants' true names and addresses are currently unknown as they published their statements anonymously online.

5. It is likely the Defendants are the same person, but it is at least possible they are two different individuals.

6. The Defendants are believed to be individuals living, working, or operating in different states across the United States.

7. The website Healthgrades.com is a website owned and operated by Healthgrades Operating Company, Inc. located at 1801 California Street, Denver, Colorado 80202.

8. As a part of his agreement with Healthgrades.com, Defendant Doe agreed that by using products and services provided by Healthgrades, Defendant Doe entered into an agreement "made in the State of the Colorado" that would be "construed and enforced in accordance with Colorado law."

9. Upon information and belief, the false statements published by the Defendants been read by residents Colorado and therefore have caused Dr. Chaudhary injury in Colorado.

10. At least some of the statements giving rise to this action were also published through the services and products provided by a Colorado corporation.

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Dr. Chaudhary and the Defendants; and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in and through Denver, Colorado, within this Court's judicial district and because, in entering into the agreement to use the services or products the Defendants utilized to commit the acts giving rise to this action, the Defendants expressly agreed to the venue of state and federal courts in Denver, Colorado.

**General Allegations**

13. Dr. Chaudhary repeats and realleges each and every allegation contained above and below as though fully set forth herein.

14. On or around February 26, 2020, Defendant John Doe I published a false and defamatory review on the Internet website Healthgrades.com (Healthgrades).

15. Healthgrades collects and provides information about doctors and other healthcare providers.

16. Healthgrades.com is a popular website that receives millions of unique visitors each month, including visitors who live and work in Colorado.

17. The Healthgrades Review is easily accessible online and located at the following URL: https://www.healthgrades.com/physician/dr-noami-chaudhary-x9456.

18. The Healthgrades Review's statements were false when they were published and are false now.

19. Specifically, in Defendant Doe I's Healthgrades Review, the Defendant made the following false and disparaging accusation about Dr. Chaudhary: "FAKE DOCTOR, BEWARE." A complete capture of the Healthgrades Review is attached as Exhibit A.

20. The Healthgrades Review falsely accuses Dr. Chaudhary of being a "fake doctor."

21. The gist of the Healthgrades Review is false because Dr. Chaudhary is in fact a licensed physician.

22. The fact that Dr. Chaudhary is a licensed physician, and was a licensed physician at the time the Healthgrades Review was published, is a matter of public record.

23. Additionally, Healthgrades also collects and publishes information about physicians on the site.

24. In the same physician profile where Defendant Doe I's defamatory review appeared, Healthgrades had published verifiable information about Dr. Chaudhary in an "About Me" section. The information included when Dr. Chaudhary graduated from medical school, what her specialties are or have been, and where she received her education and training.

25. At the time Defendant Doe I published the Healthgrades Review, the Defendant knew the Review's statements were false, or, at a minimum, the Defendant recklessly disregarded whether the Review's statements were true or false.

26. At the time Defendant Doe I published the Healthgrades Review, the Defendant acted with the intention of causing harm to Dr. Chaudhary.

27. In particular, Defendant Doe I warned readers to "beware" of Dr. Chaudhary.

28. On or around February 25, 2020, Defendant John Doe II authored and published a a review on the Internet website WebMD Care (WebMD).

29. WebMD is a popular health news and information site that purports to be the leading health information publisher in the United States.

30. Millions of people visit WebMD per month, including Colorado residents.

31. The WebMD Review, until recently, was easily accessible online and located at the following URL: https://doctor.webmd.com/doctor/noami-chaudhary-28ef3282-dec5-11e7-9f4c-005056a225bf-overview.

32. The Web MD Review's statements were false when they were published and are false now.

33. Specifically, in Defendant Doe II's WebMD Review, the Defendant made the following false and disparaging accusation about Dr. Chaudhary: "Beware of this fraud doctor, she isn't really a doctor. Who knows how she got her degree. VERY SCARY!" A complete capture of the WebMD Review is attached as Exhibit B.

34. The WebMD Review falsely accuses Dr. Chaudhary of being a "fraud doctor" who "isn't really a doctor."

35. The gist of the WebMD Review is false because Dr. Chaudhary is in fact a licensed physician.

36. The fact that Dr. Chaudhary is a licensed physician is a matter of public record as is the fact that she was a licensed physician when the WebMD Review was published.

37. Additionally, WebMD also collects and publishes information about physicians listed on the site.

38. On the very page where Defendant Doe II's defamatory review appeared, WebMD had published verifiable information about when Dr. Chaudhary graduated from medical school, her specialty, and where she received her education and training.

39. At the time Defendant Doe II published the WebMD Review, the Defendant knew the Review's statements were false, or, at a minimum, the Defendant recklessly disregarded whether the Review's statements were true or false.

40. At the time Defendant Doe II published the WebMD Review, the Defendant acted with the intention of causing harm to Dr. Chaudhary.

41. In furtherance of these efforts, Defendant John Doe II has concealed their true identity and capacity through the use of anonymous online publications.

42. In furtherance of their efforts to harm Dr. Chaudhary, the Defendants have concealed their true identity and capacity through the use of anonymous online publications.

43. Both Reviews are false and do not represent actual patient experiences, complaints, or facts.

44. The Reviews were published with the intent of wrongfully disparaging Dr. Chaudhary and causing injury to her professional reputation, economic interests, and otherwise good standing in her community and profession.

45. The Review were only negative reviews about Dr. Chaudhary on the sites.

46. The Healthgrades Review is the only review of Dr. Chaudhary on the entirety of the site.

47. Because it is the only review, the Healthgrades Review's false accusation about Dr. Chaudhary has a greater potential to tarnish her reputation and mislead consumers into believing she is not a real doctor.

48. Based on information, belief, and pre-litigation investigations, the Reviews were authored and published through Internet user accounts created and utilized for the sole purpose of leaving false and negative reviews regarding Dr. Chaudhary.

49. The Reviews were published in order to deceptively manipulate Dr. Chaudhary's ratings with the websites the intent to harm Dr. Chaudhary in her trade and profession and create the impression that she is not a qualified physician.

50. Based on the timing and similarity of the Reviews, the Reviews were authored and published either by the same person, or by separate individuals acting in concert, with the intent to harm Dr. Chaudhary in her trade and profession.

# FIRST CLAIM FOR RELIEF
(Defamation per se)

51.   Dr. Chaudhary repeats and realleges each and every allegation contained above and below as though fully set forth herein.

52.   This claim is brought against both Defendants because they either were working together or they are the same person.

53.   This claim arises out of the publication of the Healthgrades Review, by way of Defendant Doe's use of the Healthgrades.com website through an agreement made in Colorado and with Defendant Doe's express consent to the jurisdiction of Colorado's state and federal courts. *See* Exhibit C, Healthgrades User Agreement.

54.   The Healthgrades Review is of and concerning Dr. Chaudhary as it is reasonably understood to communicate statements and assertion of fact regarding Dr. Chaudhary.

55.   The Healthgrades Review was published through an online review platform and specifically connected to Dr. Chaudhary.

56.   The Healthgrades Review asserted false statements of fact and implications about Dr. Chaudhary.

57.   Dr. Chaudhary is a licensed physician.

58.   The Healthgrades Review falsely alleged Dr. Chaudhary is a fake doctor and implied she is not a licensed physician.

59.   It is against state law to practice medicine without a license.

60. It is unlawful and unethical to pretend to be a physician if one is not actually a physician.

61. The Healthgrades Review falsely accused Dr. Chaudhary of engaging in serious criminal or professional misconduct.

62. The Healthgrades Review, among other things, falsely accused, either directly or by innuendo, insinuation or inference, Dr. Chaudhary of unprofessional, incompetent, and/or unethical conduct in her trade and profession, thereby casting Dr. Chaudhary in a harmful and false light.

63. The defamatory meaning of the Healthgrades Review is apparent from the face of the publication without the aid of extrinsic proof.

64. The Healthgrades Review was intended to and does indeed disparage and injuriously affect Dr. Chaudhary in her trade and profession.

65. The Healthgrades Review imputed on Dr. Chaudhary conduct and interactions which did not occur, and therefore, does not represent real events.

66. The Healthgrades Review tended to harm Dr. Chaudhary's reputation by lowering Dr. Chaudhary's otherwise good standing in the mind of a reasonable member of the community.

67. The Defendants authored and published the Healthgrades Review regarding Dr. Chaudhary with knowledge either that the assertions contained therein were false, or with reckless disregard as to truthfulness.

68. The Healthgrades Review was communicated to the public in bad faith and with actual malice.

69. On information and belief, members of the public have seen the Review and understood it to be disparaging and about Dr. Chaudhary.

70. The Defendants authored and published the Healthgrades Review without privilege or authorization, or in excess and abuse of any otherwise applicable privilege or authorization.

71. The Defendants published the Healthgrades Review to a popular consumer review platform.

72. The Defendants therefore knew or reasonably should have known that his statements would be seen, understood, and republished.

73. Dr. Chaudhary has suffered reputational harm, loss of revenue, mitigation expenses, mental anguish, distress, humiliation, and other injuries as a direct result of the Healthgrades Review's publication.

74. Dr. Chaudhary has incurred other damages as a result of the defamatory Healthgrades Review, and also as a result of repetition of the defamatory statements by third persons, such repetition being the natural consequence of Defendants' original publications and/or the express or implied authorization of such repetition.

75. As a result of the Healthgrades Review, Dr. Chaudhary is entitled to injunctive relief, compensatory damages, presumed damages, pre- and post-judgment interest,

costs, and attorneys' fees, all in an amount as shall be proven at trial that is no less than $75,000.00 exclusive of fees, interest, and costs.

## SECOND CLAIM FOR RELIEF
(Defamation per se)

76. Dr. Chaudhary repeats and realleges each and every allegation contained above and below as though fully set forth herein.

77. This claim is brought against both Defendants because they either were working together or they are the same person.

78. This claim arises out of the publication of the WebMD Review.

79. The WebMD Review is of and concerning Dr. Chaudhary as it is reasonably understood to communicate statements and assertion of fact regarding Dr. Chaudhary.

80. The WebMD Review was published through an online review platform and specifically connected to Dr. Chaudhary.

81. The WebMD Review asserted false statements of fact and implications about Dr. Chaudhary.

82. Dr. Chaudhary is a licensed physician.

83. The WebMD Review falsely alleged Dr. Chaudhary is a fake doctor and implied she is not a licensed physician.

84. It is against state law to practice medicine without a license.

85. It is unlawful and unethical to pretend to be a physician if one is not actually a physician.

86. The WebMD Review falsely accused Dr. Chaudhary of engaging in serious criminal or professional misconduct.

87. The WebMD Review, among other things, falsely accused, either directly or by innuendo, insinuation or inference, Dr. Chaudhary of unprofessional, incompetent, and/or unethical conduct in her trade and profession, thereby casting Dr. Chaudhary in a harmful and false light.

88. The defamatory meaning of the WebMD Review is apparent from the face of the publication without the aid of extrinsic proof.

89. The WebMD Review was intended to and does indeed disparage and injuriously affect Dr. Chaudhary in her trade and profession.

90. The WebMD Review imputed on Dr. Chaudhary conduct and interactions which did not occur, and therefore, does not represent real events.

91. The WebMD Review tended to harm Dr. Chaudhary's reputation by lowering Dr. Chaudhary's otherwise good standing in the mind of a reasonable member of the community.

92. Defendants authored and published the WebMD Review regarding Dr. Chaudhary with knowledge either that the assertions contained therein were false, or with reckless disregard as to truthfulness.

93. The WebMD Review was communicated to the public in bad faith and with actual malice.

94. Defendants authored and published the WebMD Review without privilege or authorization, or in excess and abuse of any otherwise applicable privilege or authorization.

95. Defendants published the WebMD Review to a popular consumer review platform.

96. Defendants therefore knew or reasonably should have known that their statements would be seen, understood, and republished.

97. On information and belief, members of the public have seen the Review and understood it to be disparaging and about Dr. Chaudhary.

98. Dr. Chaudhary has suffered reputational harm, loss of revenue, mitigation expenses, mental anguish, distress, humiliation, and other injuries as a direct result of the WebMD Review's publication.

99. Dr. Chaudhary has incurred other damages as a result of the defamatory WebMD Review, and also as a result of repetition of the defamatory statements by third persons, such repetition being the natural consequence of Defendants' original publications and/or the express or implied authorization of such repetition.

100. As a result of the WebMD Review, Dr. Chaudhary is entitled to injunctive relief, compensatory damages, presumed damages, pre- and post-judgment interest, costs, and

attorneys' fees, all in an amount as shall be proven at trial that is no less than $75,000.00 exclusive of fees, interest, and costs.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, Dr. Chaudhary demands judgment in her favor as follows:

a. An Order decreeing and declaring the Reviews to be false and defamatory;

b. Injunctive relief requiring the removal of the Reviews;

c. Injunctive relief prohibiting the Defendants from posting any same similar statements regarding Dr. Chaudhary or her reputation in any relevant community.

d. Compensatory damages, pre-and post-judgment interest, costs, and attorney fees, all in an amount as shall be proven at trial; and

e. Such other and further relief as the Court deems just and fair.

Dated June 9, 2020.

*s/ Edward C. Hopkins Jr.*
Edward C. Hopkins Jr.
*s/ Alexandra Tracy-Ramirez*
Alexandra Tracy-Ramirez
HopkinsWay PLLC
7900 E. Union Ave., Ste. 1100
Denver, CO 80237
(720) 262-5545 tel
(720) 262-5546 fax
Email: ehopkins@hopkinsway.com
Email: atracyramirez@hopkinsway.com
*Attorneys for Dr. Chaudhary*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Noami A. Chaudhary, an individual,

    Plaintiff,

v.

JOHN DOES I & II, individuals whose true names are unknown.

    Defendants.

## VERIFICATION

I, Noami Chaudhary, affirm and state the following. The facts in the foregoing Verified Complaint are based on my personal knowledge, experiences, and beliefs; digital evidence obtained from third parties; and my attorneys' investigations. The facts are true and correct to the best of my knowledge and belief.

Dated June 8, 2020.

                                                                           _____
                                                                           Noami Chaudhary